**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SERGIO AHUATZIN-MORALES,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 11-73072

Agency No. A077-290-717

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 14, 2013[**]

Before:     LEAVY, THOMAS, and MURGUIA, Circuit Judges.

Sergio Ahuatzin-Morales, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his motion to reopen removal

proceedings conducted in absentia. We have jurisdiction under 8 U.S.C. § 1252.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

We review for abuse of discretion the denial of a motion to reopen, and review de novo constitutional claims. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

Ahuatzin-Morales contends that the agency abused its discretion by denying his motion to reopen, because denying the motion without ensuring he had access to the record of proceedings violated his right to due process. This claim lacks merit because Ahuatzin-Morales has not established prejudice resulting from the alleged violation. *See Cano-Merida v. INS*, 311 F.3d 960, 965 (9th Cir. 2002) (requiring prejudice to establish a due process violation); *see also Robleto-Pastora v. Holder*, 591 F.3d 1051, 1062 (9th Cir. 2010) (due process claim relating to inability to obtain immigration records failed where petitioner could not show any error potentially affected his eligibility for relief).

Ahuatzin-Morales' contention that the BIA violated his due process rights by failing to consider that the IJ made an incorrect factual finding also fails for lack of prejudice. *See Cano-Merida*, 311 F.3d at 965. Finally, Ahuatzin-Morales' contention that the BIA failed to consider his argument that he was prejudiced when the IJ ruled on his motion to reopen without ensuring he had access to the record is belied by the record.

**PETITION FOR REVIEW DENIED.**